**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4386-16T3

RENEE LEONARD,

      Plaintiff-Respondent,

v.

WAYNE D. LEONARD,

      Defendant-Appellant.

_____

Argued June 26, 2018 - Decided October 29, 2018

Before Judges Nugent and Accurso.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FM-17-0097-13.

Katrina Vitale argued the cause for appellant.

Paul H. Scull, Jr., argued the cause for respondent.

PER CURIAM

     Defendant Wayne D. Leonard appeals from a post-judgment order denying his motion to terminate alimony based on plaintiff Renee Leonard's

cohabitation; denying his request in the alternative for a suspension of alimony and a plenary hearing; denying his request to terminate plaintiff's interest in his life insurance policy and denying his request for counsel fees. Finding no error, we affirm.

The parties were divorced in 2013 after a seventeen year marriage. They have no children together. At the time of the divorce, plaintiff earned $56,000 annually, and defendant was in the process of being terminated from a job providing him with $96,000 per year. After appearing at a matrimonial early settlement panel, with counsel, the parties remained in the courthouse where they continued to negotiate the terms of an agreement. By the end of the day, the parties had finalized their negotiations, and the court entered a "final judgment of divorce with stipulations." Included among the provisions was defendant's agreement to pay plaintiff "permanent Alimony in the amount of $200.00 per week" based on their respective incomes, which would terminate "upon remarriage of the Wife, death of the Wife, or death of the Husband." Defendant also agreed to maintain an existing $225,000 life insurance policy naming plaintiff the beneficiary.

In January 2017, defendant made the motion precipitating this appeal. In a supporting certification, defendant claimed his ex-wife left the marital

A-4386-16T3

residence and "moved in" with the man she was seeing a year before the parties' divorce. He claimed they had continuously lived together since that time, although plaintiff denied it during the divorce proceedings. He claimed to have recently hired a private detective to confirm plaintiff's cohabitation. Defendant asserted plaintiff's standard of living had improved, while his had worsened. He claimed he "unintentionally violated a minor safety rule" at the plant where he worked as a chemical operator a few weeks prior to the divorce and was unexpectedly fired for it two days after the judgment was entered. His charge of discrimination with the EEOC was eventually dismissed. Defendant claimed to have finally become re-employed but at a salary $37,000 less than what he earned at the time of the divorce.

Plaintiff opposed the motion. In her certification, she noted cohabitation was not one of the three bases the parties agreed would trigger the termination of defendant's alimony obligation. Further, she contended that as defendant claimed she had been cohabiting since before the divorce judgment was entered, her cohabitation now would not be a change in circumstances. Plaintiff admitted to having "an on again off again romantic relationship" with a man she lived with at various times but denied he had ever supported her financially or that she was receiving any economic benefit from him.

A-4386-16T3

Plaintiff further claimed her income had decreased to $36,000 as a result of the unavailability of overtime in her nursing position and leave she had taken from work following the death of her eldest son in a workplace accident. She further explained that she was currently out on medical leave following the sudden, unexpected death of her youngest son and was not sure when she would return to work. She claimed the reduction of defendant's income was a result of his own misconduct, resulting in the termination of his employment.

In a reply certification, defendant claimed he agreed to pay alimony at the time of the divorce only because he had no evidence then that plaintiff was living with another man as he suspected. He asserted as plaintiff admitted to cohabitation "past and present" and his income had significantly decreased, such that the parties were now earning roughly the same amount, that his alimony obligation should be eliminated.

After hearing argument, Judge Lopez denied defendant's request to terminate alimony or schedule a plenary hearing but granted his request to compel plaintiff to produce her tax returns (which she had already done voluntarily), her three most recent paystubs and a full and complete case information statement. The judge further denied defendant's request to

A-4386-16T3

terminate plaintiff's interest in his life insurance policy and his request for counsel fees.

In an accompanying memorandum, the judge explained the parties' settlement agreement incorporated into the judgment of divorce was "not silent as to a termination or modification of alimony." The judge found the parties negotiated their agreement, thus providing defendant the opportunity to have added cohabitation to the list of reasons for termination of alimony. Although making no finding as to whether plaintiff had been cohabiting as early as defendant claimed, the judge noted defendant's suspicions of such at the time of the divorce would have provided him a reason to have insisted on cohabitation being grounds for termination of his alimony obligation. His failure to do so, and instead to sign the agreement without it, made his suggestion of fraud "disingenuous." The judge found both parties bound by the agreement they negotiated, that there was no provision in that agreement to terminate alimony based on cohabitation, and whether plaintiff was cohabiting now or even as early as 2013 was immaterial as "there is nothing in the MSA to deter her from doing so."

Going on to address whether changed circumstances provided a reason to revisit alimony, the judge acknowledged that both parties' incomes had

5

decreased since entry of the final judgment, but found the decrease to be the result of both being underemployed voluntarily. Specifically, the judge found defendant's termination was as a result of his own history of rule infractions, and that plaintiff had presented no proof of any medical or psychological condition that would prevent her from working. Noting the inquiry was not limited to current income but also income capacity, the judge noted that even were she to find changed circumstances, she would impute to each party the income earned at the time of the entry of divorce, resulting in no change to the alimony the parties' negotiated.

As to defendant's insurance policy, the judge found defendant had not provided the court with any reason not to enforce the provision of the parties' agreement requiring that he maintain it in place. Finally, following a complete Rule 5:3-5 analysis, the judge determined defendant had not made a case for the award of counsel fees.

Defendant appeals, arguing the trial court misapplied the standard for establishing changed circumstances, improperly disregarded defendant's changed economic circumstances, that the continuation of his alimony obligation is no longer fair and equitable and that continued alimony is unnecessary to enable plaintiff to maintain the former standard of living and

"improperly determined that the law requires cohabitation language in order to review cohabitation as a change in circumstances." Defendant further contends the trial court erred as a matter of law in denying his application to terminate or reduce his life insurance obligation as related to alimony and misapplied the law in denying him counsel fees.

Our review of the record convinces us that none of those arguments is of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). Our courts treat marital settlement agreements as contracts and interpret them accordingly. Pacifico v. Pacifico, 190 N.J. 258, 265 (2007). "[T]he judicial interpretive function is to consider what was written in the context of the circumstances under which it was written, and accord to the language a rational meaning in keeping with the expressed general purpose." Owens v. Press Publ'g Co., 20 N.J. 537, 543 (1956). We are satisfied Judge Lopez did that here and that her decision to deny Mr. Leonard's application to terminate his alimony and insurance obligation is supported by adequate, substantial and credible evidence in the record and thus will not be disturbed on appeal. See N.J.S.A. 2A:34-23; Lepis v. Lepis, 83 N.J. 139, 148-49 (1980). Defendant's assertion that the trial court "improperly determined that the law requires cohabitation language in

order to review cohabitation as a change in circumstances" is blatantly at odds with the record.

We likewise find no error in Judge Lopez's order denying defendant an award of counsel fees. The judge considered the relevant factors contained in Rule 5:3-5(c), and her decision to deny fees was well within her considerable, sound discretion. See Eaton v. Grau, 368 N.J. Super. 215, 225 (App. Div. 2004).

We affirm, substantially for the reasons expressed in Judge Lopez's cogent and well-reasoned memorandum accompanying the order of May 8, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION